**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

FRANKLIN ROOSEVELT HUNT, a/k/a
Fella,
Defendant-Appellant.

No. 97-4860

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CR-96-1022)

Submitted: February 27, 1998

Decided: March 20, 1998

Before WIDENER and MOTZ, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Edward M. Sauvain, Greenville, South Carolina, for Appellant.
E. Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY,
Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Franklin Roosevelt Hunt appeals from his conviction, pursuant to a guilty plea, of one count of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994). Hunt's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that Hunt's appeal does not present any meritorious issues. Hunt was informed of his right to file a pro se supplemental brief and has not done so. Because we find no reversible error, we affirm.

Counsel asserts that the district court complied with Fed. R. Crim. P. 11 in taking Hunt's guilty plea. We agree. The court properly determined that Hunt was competent to enter a plea, that he understood the charge against him, the maximum and minimum sentence, and the fine. Hunt also stated that he understood the court was obligated to consider the applicable sentencing guidelines. The court also conducted a review of the plea agreement. Hunt stated that he was not promised anything other than what was in the plea agreement. Hunt was informed of the rights he was waiving by entering a guilty plea. Finally, the district court properly found a sound factual basis for accepting the guilty plea.

We also agree with counsel's contention that Hunt's sentence does not present any appealable issue. Hunt did not have any objections to Presentence Investigation Report. Hunt's offense level was calculated to be thirty-six, and he was placed in Criminal History Category III. He was sentenced to 235 months' imprisonment, the lowest possible sentence within his guidelines range.

Pursuant to the requirements of Anders, this court has reviewed the record for potential error and has found none. Therefore, we affirm Hunt's conviction and sentence. This court requires that counsel

2

inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3